IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KATHERINE DEVINE and LAVAR TURNER, on behalf of themselves and others similarly situated, | : : : : | CIVIL ACTION<br><br>NO. _____ |
| Plaintiffs, | : | |
| v. | : : | CLASS/COLLECTIVE ACTION |
| NORTHEAST TREATMENT CENTERS, INC., | : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## **COMPLAINT – CLASS/COLLECTIVE ACTION**

Katherine Devine ("Devine") and Lavar Turner ("Turner") (together "Plaintiffs") bring this lawsuit against NorthEast Treatment Centers, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.  Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## **JURISDICTION AND VENUE**

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## **PARTIES**

4.      Devine resides in Philadelphia, PA.

5.      Turner resides in Philadelphia, PA.

6.      Defendant is a corporate entity headquartered in Philadelphia, PA.

7.      Plaintiffs are employees covered by the FLSA and PMWA.

8.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

9.      Defendant is "one of largest behavioral health and social services agencies in the region."[1]

10.     Defendant, operating through a contract with the City of Philadelphia and overseen by the City's Department of Human Services, provides foster care services within geographic regions designated as "CUA 1" and "CUA 7."

11.     In providing the above foster care services, Defendant employs **Case Managers**. The City describes the Case Manager position as follows:

> If it is determined that DHS services are needed, the child will be assigned a CUA case manager. This person will be the main point of contact for you and your foster child. The case manager:  Sets up meetings and coordinates with other professionals working with your family[;]  Attends court hearings[;]  Sets up a visitation schedule with the child's biological parents, when possible[; and] Checks on children in your care regularly.[2]

12.     Devine has worked for Defendant as a Case Manager since around November 2018.

13.     Turner worked for Defendant as Case Manager from around December 2019 until around March 2020.

14.     Because the Case Manager position does not require specialized academic training, Case Managers have college degrees in a wide variety of fields.

---

[1]   http://netcenters.org/about-us/overview/ (last viewed May 21, 2020).
[2]   https://www.phila.gov/departments/department-of-human-services/foster-care/who-is-involved-in-your-foster-childs-case/ (last viewed May 21, 2020).

15.     During the three-year period covered by this lawsuit, Case Managers have regularly worked over 40 hours per week.  For example, it is/was not unusual for Devine and Turner to work over 50 hours per week as Case Managers.

16.     Prior to July 1, 2019, Defendant paid Case Managers annual salaries of around $45,000.

17.     Prior to July 1, 2019, Defendant, as a matter of company policy, never paid Case Managers overtime compensation for hours worked over 40 per week.

18.     Since July 1, 2019, Defendant has paid Case Managers around $21 per hour.

19.     Since July 1, 2019, Defendant has paid Case Managers time and one-half overtime compensation for *some* of their hours worked over 40 per week.  Other overtime hours, however, have gone unpaid because Defendant's administrators and supervisors, *inter alia*:  (i) refuse to "approve" overtime pay for hours that are overtly and necessarily worked by Case Managers; (ii) instruct Case Managers to under-report their work hours for payroll purposes; (iii) make downward adjustments to Case Managers' reported work hours;  and (iv) ignore the obvious fact (as exemplified by, *inter alia*, computer log-in data, telephone calls, and email correspondence) that Case Managers regularly work during evenings and weekends.

20.     In providing the foster care services referenced in paragraph 10, Defendant employs **Aftercare Workers**.  According to Defendant, Aftercare Workers "support[] families who have been successfully discharged from DHS/CUA formal case-management services."[3]

21.     Turner worked for Defendant as an Aftercare Worker from around February 2019

---

[3]https://jobs.ecipay.com/prod/net/EmpApp/(X(1)S(yd10nel4shhxxr3vmhjz4b1y))/JobList.aspx?ID=Y7FqLA%2fZ%2f9Bt7wIx%2b1%2b%2fmA%3d%3d&REQID=CiekDPLFsbLgApvQ6PdlJA%3d%3d (last viewed May 21, 2020).

until around December 2019.

22.     Because the Aftercare Worker position does not require specialized academic training, Aftercare Workers have college degrees in a wide variety of fields.

23.     During the three-year period covered by this lawsuit, Aftercare Workers have regularly worked over 40 hours per week.  For example, it was not unusual for Turner to work over 50 hours per week as an Aftercare Worker.

24.     Prior to July 1, 2019, Defendant paid Aftercare Workers annual salaries of around $35,000.

25.     Prior to July 1, 2019, Defendant, as a matter of company policy, never paid Aftercare Workers overtime compensation for hours worked over 40 per week.

26.     Since July 1, 2019, Defendant has paid Aftercare Workers around $17 per hour.

27.     Since July 1, 2019, Defendant has paid Aftercare Workers time and one-half overtime compensation for *some* of their hours worked over 40 per week.  Other overtime hours, however, have gone unpaid because Defendant's administrators and supervisors:  (i) refuse to "approve" overtime pay for hours that are overtly and necessarily worked by Aftercare Workers; (ii) instruct Aftercare Workers to under-report their work hours for payroll purposes;  (iii) make downward adjustments to Aftercare Workers' reported work hours;  and (iv) ignore the obvious fact (as exemplified by, *inter alia*, computer log-in data, telephone calls, and email correspondence) that Aftercare Workers regularly work during evenings and weekends.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  Devine and Turner sue on behalf of all Case Managers employed by Defendant

within the past three years.  In addition, Turner sues on behalf of all Aftercare Workers employed by Defendant within the past three years.

29.     Plaintiffs' FLSA claim should proceed as a collective action because they and other putative collective members, having worked pursuant to the common payroll policies and practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

30.     Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

31.     The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

32.     Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

33.     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

34.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common payroll policies and practices described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

35.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and

efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

36.     The FLSA requires that employees receive overtime compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

37.     Defendant violated the FLSA by failing to pay Plaintiffs and the FLSA collective overtime compensation for all hours worked over 40 per week.

38.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

39.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

40.     Defendant violated the PMWA by failing to pay Plaintiffs and the Rule 23 class overtime compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.      Litigation costs, expenses, and attorneys' fees; and

D.      Any other relief the Court deems just and proper.

Date:  May 22, 2020                    Respectfully,

**s/ Peter Winebrake**
_____

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiffs' Counsel*

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

DocuSigned by:

526583BFD363426...

_____
Signature

Katie Devine

_____
Print Name

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

DocuSigned by:

_Lavar Turner_

82E9406BA498496...

_____

Signature

Lavar Turner

_____

Print Name

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KATHERINE DEVINE and LAVAR TURNER, on behalf of themselves and others similarly situated

**DEFENDANTS**
NORTHEAST TREATMENT CENTERS, INC.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025; Ph: (215) 884-2491; Other Counsel Listed in Complaint

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act

Brief description of cause:
Failure to pay overtime

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   MAY 22, 2020

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 259 Rosemar Street, Philadelphia, PA 19120 / 2619 West Seltzer Street, Philadelphia, PA 19132

Address of Defendant: 499 North 5th Street, Philadelphia, PA 19123

Place of Accident, Incident or Transaction: Philadelphia, PA

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/22/2020 _____   PA-80496
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

| | | | |
|---|---|---|---|
| *A.* | *Federal Question Cases:* | *B.* | *Diversity Jurisdiction Cases:* |
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☒ 11. | All other Federal Question Cases | | |
| | *(Please specify):* Fair Labor Standards Act | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Peter Winebrake _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 05/22/2020 _____   PA-80496
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

KATHERINE DEVINE, et al.　　　　　　　　:　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
NORTHEAST TREATMENT CENTERS,　　　　　:　　　　　NO.
INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

MAY 22, 2020　　　　　PETER WINEBRAKE　　　　　PLAINTIFFS
**Date**　　　　　　　　**Attorney-at-law**　　　　　　**Attorney for**

(215) 884-2491　　　　(215) 884-2492　　　　pwinebrake@winebrakelaw.com

**Telephone**　　　　　　**FAX Number**　　　　　　**E-Mail Address**

(Civ. 660) 10/02