IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE DEVINE, *et al.* | : | |
| | : | |
| | : | 2:20-cv-02417-ER |
| v. | : | |
| | : | |
| NORTHEAST TREATMENT CENTERS, INC. | : | |
| | : | |

## **COLLECTIVE ACTION SETTLEMENT AGREEMENT**

Originating Plaintiffs (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

1.      **Definitions.**  The following terms will have the following meanings:

**"Action"** means the above-captioned action.

**"Agreement"** means this "Collective Action Settlement Agreement."

**"Approval Date"** means the date on which the Court enters an order approving the Settlement as fair and reasonable and dismissing the Action with prejudice.

**"Approval Motion"** means the motion to be filed by Plaintiffs' Counsel attaching a copy of the Agreement and requesting that the Court enter an order approving the Settlement as fair and reasonable and dismissing the Action with prejudice.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Defendant"** means Northeast Treatment Centers, Inc.

**"Defense Counsel"** means Archer & Greiner P.C.

**"Employer-Side Taxes"** means those payroll taxes and withholdings ordinarily borne by Defendant pursuant to its ordinary payroll practices (*e.g.*, the employer's share of FICA, FUTA, and state unemployment taxes).

**"Originating Plaintiff"** means Katherine Devine and Lavar Turner.

"**Parties**" refers jointly to Plaintiffs and Defendant.

"**Payout Amount**" means, for each Plaintiff, the amount listed on **Exhibit A**. The listed amounts assume the Court will approve Plaintiffs' Counsel's request for $87,500.00 in combined attorney's fees and litigation expenses and for $5,000.00 service awards for each of the Originating Plaintiffs. If the Court disapproves any portion of the requested fees, expenses, or service awards, each Plaintiff's Payout Amount will be increased by an amount representing his/her *pro rata* share of the disapproved monies.

"**Payment Date**" means the *later* of (i) December 17, 2021 or (ii) 35 calendar days after the Approval Date.

"**Plaintiffs**" mean the 2 Originating Plaintiffs and the other 47 individuals who have consented in writing to join this action and have had such written consent filed with the Court. The 49 Plaintiffs are listed in **Exhibit A.**

"**Plaintiffs' Counsel**" means Winebrake & Santillo, LLC.

"**Release Form**" means the form attached as **Exhibit B**.

"**Released Parties**" means Defendant and NET Treatment Services, Inc. d/b/a NET Community Care, and any of their parents, franchisors, partners, subsidiaries, owners, officers, directors, members, affiliates, predecessors, agents, employees, successors, assigns, representatives, and/or other persons or entities acting on their behalf.

"**Settlement**" means the terms and conditions described in this Agreement.

2.      **Maximum Payment Amount.**  Defendant's total payment under this Settlement will not under any circumstances exceed $350,000.00 plus any Employer-Side Taxes associated with the Payout Amounts.

3.      **Condition Precedent.**  This Settlement is conditioned on passage of the Approval

Date.

4. **Release.**  Upon passage of the Approval Date and in consideration of Defendant's fulfillment of its payment obligations which may be fulfilled through NET Treatment Services, Inc. d/b/a NET Community Care, each Plaintiff (on behalf of himself/herself and his/her heirs, spouses, executors, assigns, and representatives)  releases and forever discharges the Released Parties from all legal or equitable claims (including, but not limited to, claims for the reimbursement of liquidated damages, interest, penalties, attorney's fees and litigation costs and expenses) arising prior to the Approval Date and either asserted in or reasonably related to the Action, including but not limited to all such claims for unpaid regular or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

5. **Payments to Plaintiffs.**  By the Payment Date, Defendant or NET Treatment Services, Inc. d/b/a NET Community Care will issue to each Plaintiff a payroll check in the gross amount of his/her Payout Amount for which an IRS W-2 form will issue.  The gross amount (i) will be reduced by all taxes and withholdings ordinarily borne by employees pursuant to Defendant's ordinary payroll practices and (ii) will *not* be reduced by Employer-Side Taxes.  As reflected in the Release Form, each Plaintiff is solely responsible for the payment of any taxes associated with the payment made via the non-wages check. These checks will be delivered to Plaintiffs' Counsel, who will promptly mail or deliver the checks to each Plaintiff who has returned a Release Form and an IRS W-4 Form.  Plaintiff's Counsel will not mail any checks to any Plaintiff until he/she has returned a Release Form and IRS W-4 Form and the Release Form has been filed with the Court.  In the unlikely event that any check remains uncashed 140 calendar days after the

Payment Date, Defendant may issue a stop payment on the check and retain the associated funds.

**6.** **Plaintiffs' Counsel's Fees and Expenses.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of attorney's fees and expenses totaling $87,500.00. By the Payment Date, Defendant will mail to Plaintiffs' Counsel a non-payroll check made payable to Plaintiffs' Counsel and equaling any Court-approved attorney's fees/expenses not to exceed $87,500.00. Defendant will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting such payment, and Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with such payment. The payment approved by the Court pursuant to this section, whether in the amount sought by Plaintiffs' Counsel or less as determined by the Court, shall constitute full satisfaction of Defendant's and/or any of the Released Parties' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the Plaintiffs.

**7.** **Service Award.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of separate $5,000.00 service award payments to each Originating Plaintiff. This payment is in addition to each Originating Plaintiff's Payout Amount. By the Payment Date, and provided Defendant receives an IRS W-9 Form from each Originating Plaintiff, Defendant will mail to Plaintiffs' Counsel non-payroll checks made payable to Originating Plaintiff and equaling any Court-approved service award not exceeding $5,000.00 to each Originating Plaintiff. Defendant will issue to each Originating Plaintiff an IRS 1099 Form reflecting such payment, and each Originating Plaintiff is solely responsible for the payment of any taxes associated with such payment.

**8.** **Entire Agreement.** This Agreement embodies the entire agreement between the Parties and controls over any prior communications. In entering into the Settlement, no Party has

relied on any representations not explicitly contained in this Agreement.

9. **Communications with Media**.  Originating Plaintiffs and Plaintiffs' Counsel will not make any statements or issue any press release to the media or press addressing the Settlement or the negotiation of this Settlement and will not contact any media representatives.  If contacted by media representatives, Originating Plaintiffs and Plaintiffs' Counsel may state that the Parties amicably resolved the dispute and may direct the media representative to the public record.

10. **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

11. **No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant and Released Parties deny any wrongdoing and continue to assert that, absent this Settlement, they ultimately would prevail in the Action.

12. **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

13. **Duty to Defend.**     The Parties will cooperate to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner.

14. **Warranty of Authority.**  Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

15. **Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law.

16. **Written Modifications.**  This Agreement may not be modified except by a written

agreement signed by all signatories  and approval by the Court.

17.     **Dismissal with Prejudice.**     Upon final approval of this Agreement by the Court, the Action will be dismissed with prejudice in its entirety.

18.     **Consent.**  Each signatory to this Agreement has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement. Prior to the execution of this Agreement, each signatory's attorney reviewed and executed the Agreement after independent investigation and without fraud, duress, or undue influence.

19.     **No Assignments.**  No signatory to this Agreement has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to this Action, this Settlement, or this Agreement.

20.     **Negotiated Agreement.**  This Agreement constitutes a negotiated contract and is the result of negotiation among the signatories to this Agreement. In interpreting this Agreement, there shall not be any presumption of interpretation against any Party.

21.     **Documents.**  Originating Plaintiffs and Plaintiffs' Counsel agree that none of the documents or data provided to them by Defendant shall be used for any purpose other than prosecution of this Action and shall be returned to Defendant with all copies, electronic or otherwise, upon request for the same.  Moreover, Plaintiffs' Counsel acknowledge that no such documents or data have been provided to any Plaintiffs other than the Originating Plaintiffs.

22.     **No Effect on Other Benefits.**  The Payout Amount and any payments made to Plaintiffs as a result of this Agreement and Settlement will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by Defendant or any Released Party (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement and Settlement will be

compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and the Plaintiffs will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown by them, as part of their releases of claims under this Agreement.

23. **Tax Liability.** As stated in the Release Form, Defendant makes no representations as to the tax treatment or legal effect of the payments called for under this Agreement, and Plaintiffs are not relying on any statement or representation by Defendant in this regard. Each Plaintiff will be solely responsible for the payment of any taxes and penalties assessed against him/her on the payment to him/her described in this Agreement. Defendant will be solely responsible for the payment of any taxes and penalties assessed against Defendant on the payments described in this Agreement.

24. **Participating and Joining Plaintiffs Bound.** Plaintiffs Katherine Devine and Lavar Turner and Plaintiffs' counsel are acting on behalf of all Plaintiffs, including the 47 individuals who have consented in writing to join this action, and hereby represent that they have the authority to do so subject to the Court's oversight and authority to review this Settlement for fairness.

25. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

Katherine Devine

8/17/2021

Date

Lavar Turner

For Winebrake & Santillo, LLC

Date

8/17/21

Date

For Northeast Treatment Centers, Inc.

8/19/2021

Date

221780072v2

Katherine Devine

Lavar Turner

Date

8/17/2021

Date

8/17/21

For Winebrake & Santillo, LLC

Date

For Northeast Treatment Centers, Inc.

Date

221780072v2

# Exhibit A

# EXHIBIT A

| First | Last | Total Weeks | Payment Amount |
|---|---|---|---|
| Alexis | Alexander | 114 | $7,710.96 |
| Noldyanie | Anglade | 67 | $4,531.88 |
| Talia | Baldwin | 16 | $1,082.24 |
| Nadiyah | Beard | 83 | $5,614.12 |
| Ashley | Brown | 14 | $946.96 |
| Dorthea | Brown | 120 | $8,116.80 |
| Teshell | Carpenter | 38 | $2,570.32 |
| Francis | Cervantes | 211 | $14,272.03 |
| David | Coleman | 56 | $3,787.84 |
| Chris | Collick | 185 | $12,513.39 |
| Patrice | Cropper | 34 | $2,299.76 |
| Katherine | Devine | 82 | $5,546.48 |
| Anna | Faye | 73 | $4,937.72 |
| Amanda | Fernandez | 100 | $6,764.00 |
| Kaseef | Festus | 42 | $2,840.88 |
| Beverly | Ford-Greene | 74 | $5,005.36 |
| Bryony | Grant | 50 | $3,382.00 |
| Kiya | Hampton | 20 | $1,352.80 |
| Shakia | Harris | 127 | $8,590.28 |
| James | Hilton | 69 | $4,667.16 |
| Kesha | Hines | 72 | $4,870.08 |
| Telita | Howard | 83 | $5,614.12 |
| Natalye | Kirkland | 81 | $5,478.84 |
| Sandra | Lee | 23 | $1,555.72 |
| Keysa | Lewis-Morris | 7 | $473.48 |
| Lennora | Mahmoud | 33 | $2,232.12 |
| Cynthia | Martin | 22 | $1,488.08 |
| Shardae | Mitchell | 70 | $4,734.80 |
| Talea | Moore | 50 | $3,382.00 |
| MeKonnodji | Nadingam | 33 | $2,232.12 |
| Toshia | O'Brien | 122 | $8,252.08 |
| Tawanda | Parker | 106 | $7,169.84 |
| Erica | Pendergrass | 55 | $3,720.20 |
| Jewel | Pierce | 96 | $6,493.44 |
| Melody | Pleasant | 116 | $7,846.24 |
| Jordan | Reese | 51 | $3,449.64 |
| Ruth | Rivera | 130 | $8,793.20 |
| Caprea | Ross | 66 | $4,464.24 |
| Denell | Saunders | 85 | $5,749.40 |
| Darlene | Simon | 33 | $2,232.12 |
| Carolyn | Smith | 193 | $13,054.51 |
| Sheree | Strauss | 56 | $3,787.84 |
| Wayne | Thomas | 122 | $8,252.08 |
| Lavar | Turner | 55 | $3,720.20 |

# EXHIBIT A

| First | Last | Total Weeks | Payment Amount |
|-------|------|-------------|----------------|
| William | Wesley | 40 | $2,705.60 |
| Tienne | Whitaker | 10 | $676.40 |
| Kiyona | Williams | 187 | $12,648.67 |
| Venita | Williams | 114 | $7,710.96 |
| Jerrod | Yates | 47 | $3,179.08 |
| | **TOTALS:** | **3733** | **$252,500.00** |

# Exhibit B

## **RELEASE OF CLAIMS**

**Name:** _____

**Street/Apartment:** _____

**City:** _____  **State:** _____  **Zip:** _____

I, [*INSERT NAME*], understand that I am a plaintiff in the United States District Court lawsuit entitled *Devine v. Northeast Treatment Centers, Inc., 2:20-cv-02417-ER* ("the Action").  I also understand that the Action has been settled and that, if the Judge approves the settlement, Northeast Treatment Centers, Inc. and/or NET Treatment Services, Inc. d/b/a NET Community Care will make a total settlement payment of $350,000.00 to be divided as follows: (i) $252,500.00 will be divided among myself and the other 48 individuals covered by the lawsuit; (ii) $87,500.00 (equaling 25% of the total payment) will be paid to Winebrake & Santillo, LLC as attorney's fees and expenses; and (iii) $5,000.00 service award payments will be paid to the two individuals who originated the lawsuit.

I understand that, if the Judge approves the settlement, myself and the other 48 individuals covered by the lawsuit will each receive a settlement payment equaling $[*insert average weekly payment amount*] for each week after May 22, 2017 during which we were employed by Northeast Treatment Centers, Inc. or NET Treatment Services, Inc. d/b/a NET Community Care as a Case Manager or Aftercare Worker.  I further understand that my individual payment amount under this formula will equal **$[*insert individual's Payment Amount*]** ("Settlement Payment").  I want to receive this Settlement Payment.

I understand that my Settlement Payment will be made by payroll check, will be reduced by all taxes and withholdings ordinarily paid by employees, and will be reflected in an IRS W-2 form mailed to me at the end of the year.

I understand and agree that, in exchange for my Settlement Payment, I (on behalf of myself and my heirs, spouse, executors, assigns, and/or representatives) **RELEASE** Northeast Treatment Centers, Inc., NET Treatment Services, Inc. d/b/a NET Community Care, and  any of their parents, franchisors, partners, subsidiaries, owners, officers, directors, members, affiliates, predecessors, agents, employees, successors, assigns, representatives, and/or other persons or entities

acting on their behalf (collectively, "Released Parties") from all legal or equitable claims (including, but not limited to, claims for the reimbursement of liquidated damages, interest, penalties, attorney's fees and litigation costs and expenses) arising prior to the date on which the Court approves the settlement and either asserted in or reasonably related to the Action, including but not limited to all such claims for unpaid regular or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

I also represent that I have not assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Action, the settlement, or this Release of Claims.

I represent that I have had an opportunity to discuss the settlement as well as this above Release of Claims with my counsel from the law firm of Winebrake & Santillo, LLC and that I agree to both of my own free will without any duress or coercion of any kind.

Intending to be legally bound:

_____                    _____
Date                                       Signature